### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN L. BRYANT, III,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )   CIVIL NO. 09-cv-999-MJR<br>) |
| **J. GOFORTH, et al.,** | )<br>) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff John L. Bryant, III, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Bryant states that on September 17, 2009, he was escorted to the counselor's office to receive a phone call from his attorney. After Defendant Goforth completed the telephone connection, he sat down in the office to make some notes while Bryant spoke with his attorney. Bryant was uncomfortable with Goforth's presence and asked for some privacy, but Goforth was reluctant to leave him alone in the office. Upon request of the attorney, Goforth spoke on the phone for a few minutes with the attorney. Afterwards, Goforth left the office and closed the door, leaving Bryant alone in the office to continue his conversation. Bryant filed this lawsuit alleging that Goforth's initial refusal to leave was an intrusion on his attorney-client privilege.

Prison officials may *record* a prisoner's telephone conversations with an attorney, as long as such recording does not substantially affect the prisoner's right to confer with counsel. *Dreher v. Sielaff*, 636 F.2d 1141 (7th Cir.1980); *see also Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988), *cert. denied*, 488 U.S. 863,. It follows that if recording a conversation is permitted, surely Goforth's presence for a brief time did not interfere with Bryant's consultation. *See Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991). Once Goforth was asked to leave, and the reasons for that request were presumably explained by the attorney, Goforth did leave the room. Thus, Bryant had a full opportunity to confer with counsel in private, and no constitutional violation occurred.

The complaint does not survive review under § 1915A, and this action is **DISMISSED** with prejudice. Bryant is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 14th day of June, 2010.**

              **s/ Michael J. Reagan**
              **MICHAEL J. REAGAN**
              **United States District Judge**